UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DARIUS HINES,

            Petitioner,

            V.

DEBORAH G. SCHULT,

            Respondent.

**REPORT AND RECOMMENDATION**

08-CV-451
(DNH/VEB)

---

## I. INTRODUCTION

Petitioner Darius Hines, acting *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution in Ray Brook, New York. In 1998, he was sentenced in the United States District Court for the District of Massachusetts to 234 months of incarceration. Petitioner does not contest his conviction. Rather, he asserts that the Federal Bureau of Prisons miscalculated his sentence. (Docket No. 1).

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 7).

## II. BACKGROUND

**A.    Facts**

On August 8, 1996, Petitioner was arrested by Massachusetts state authorities for a parole violation. (Docket No. 6 at Exhibit A). Thereafter, on August 20, 1996, his parole

was revoked and he was ordered to serve the remainder of a previous seven (7) to fifteen (15) year sentence for assault.  (Id. at Exhibit B).

On September 4, 1996, while serving his Massachusetts term, Petitioner was released to the custody of the United States Marshals via a writ of habeas corpus *ad prosequendum* related to federal charges that had been lodged against him. (Id.). Petitioner remained in the custody of the United States Marshals Service pursuant to the writ until September 11, 1996, when he was returned to the State of Massachusetts.  (Id.).

Thereafter, Petitioner plead guilty to: Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846; Possession of Cocaine Base with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1); and Aiding and Abetting, in violation of 18 U.S.C. § 2.  On May 21, 1998, Petitioner was sentenced by the District of Massachusetts on the federal charges to 234 months of imprisonment, to be served concurrently to his Massachusetts state parole violation term.  (Id. at Exhibit D).  On February 3, 2000, Petitioner was released on state parole to the U.S. Marshals to complete his federal sentence.  (Id. at Exhibit B).

On April 5, 2002, Petitioner filed a motion with the sentencing court to amend or modify the judgment of conviction and sentence.  On May 19, 2004, the sentencing court issued an amended order reducing Petitioner's sentence by 20 additional months, from 234 months to 214 months of imprisonment.  (Id. at Exhibit G).[1]

---

[1] Although unclear from the record before this Court, it appears, based on the declaration of J. R. Johnson, a BOP employee specializing in inmate sentence computations, that the reduction of Petitioner's sentence by 20 months was for the 20 month period between May 21, 1998, (the date his federal sentence was imposed) and February 3, 2000 (the date Petitioner was released from his state parole violator sentence to the U.S. Marshals to complete his federal sentence). See (Docket No. 6, "Attachment 1" Decl. of J.R. Johnson at ¶9).  So that, instead of commencing his sentence on February 3, 2000 when he was turned over to the U.S Marshals to complete his federal sentence, his sentence was calculated as

Petitioner's sentence was thereafter computed by the Bureau of Prisons ("BOP") as commencing on the date it was imposed, May 21, 1998, and that the state of Massachusetts was the place of imprisonment for the federal sentence, thereby giving Petitioner credit for concurrent state and federal sentences served.   (Docket No. 6 at "Attachment 1" Decl. of J.R. Johnson at ¶ 9 and "Attachment 2" at Exhibit H). While the sentence was updated by the BOP to reflect the 20 month reduction to his sentence, as set forth above, Petitioner received no prior custody credit for the time spent in state custody serving his parole violator term between his arrest and his May 21, 1998 federal sentencing, which, coincidentally, was also a 20 month period. (Id.).  Respondent concedes that Petitioner duly challenged the BOP's determination in this regard and has exhausted all available administrative remedies. (Docket No. 6 at 3-4).

**B.  Federal Habeas Corpus Proceedings**

Petitioner, proceeding *pro se*, commenced this action on April 25, 2008 by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1).  In his Petition, he asserts that the Bureau of Prisons should have given him prior custody credit

---

commencing on the date of imposition, May 21, 1998.  See (Id.).This is presumably because the sentencing court originally sentenced Petitioner to 234 months to be served *concurrent* to his state sentence. See (Docket No. 6 at Exhibit D) and (Docket No. 1 at Exhibit E-( the sentencing transcript)). In any event, it appears that the fact the sentencing court reduced Petitioner's sentence by  20 months is coincidental and separate from the 20 months credit Petitioner is now seeking through his petition.

for the twenty (20) months between August 29, 1996[2] and May 21, 1998[3] prior to his sentencing by the federal court. (Docket No. 1 at 5). Respondent filed submissions in response on October 22, 2008. (Docket No. 6). For the reasons that follow, it is recommended that Petitioner's habeas corpus petition be DENIED.

### III. DISCUSSION

**A.     Federal Habeas Corpus Standard**

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is available to prisoners who challenge the execution of their sentence, rather than the imposition of the sentence itself. Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir.2001); see also Carmona v. Bureau of Prisons, 243 F.3d 629, 633 (2d Cir.2001) (deciding petitioner's § 2241 claim was proper because he was seeking credit for prior time spent in detention). A § 2241 petition is generally the appropriate vehicle to raise claims arising from prison conditions or a prison official's computation of a prisoner's sentence. See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir.2003) (explaining that § 2241 is the means by which a petitioner can challenge the Bureau of Prisons' calculation of credit to be given for other periods of detention); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir.1997) (discussing circumstances under which a federal prisoner may properly file a § 2241 petition).

---

[2] Petitioner states that the "August 29, 1996" date is the date of his federal arrest, while the writ of habeas corpus ad prosequendum related to the federal charges lodged against him is dated September 4, 1996. See (Docket No. 1 at 5).

[3] In the factual background of his petition, Petitioner states that he was sentenced on "May 28, 1998" (Docket No. 1 at 2) however, this appears to be a clerical error as he lists May 21, 1998 as his sentencing date in other parts of his petition and the record reflects that he was sentenced on May 21, 1998 by the federal court. (Docket No. 6 at Exhibit D).

It is well-settled that the "Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive any credit for any time spent in custody." United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2d Cir.1998). A defendant disputing the BOP's jail-time credit determination must first exhaust his or her administrative remedies, which Respondent concedes Petitioner has done, and may thereafter seek judicial review through a habeas corpus petition under § 2241. See Rogers v. United States, 180 F.3d 349, 358 (1st Cir.1999); Arashi v. United States, No. 94 Civ. 7603(CSH), 1995 WL 358676, *2 (S.D.N.Y. June 14, 1995).

**B.**     **Petitioner's Claim**

As set forth above, Petitioner asserts that the Bureau of Prisons failed to give him the proper amount of prior custody credit because they did not credit the twenty (20) month period of time he was incarcerated in Massachusetts on his state parole violation prior to the imposition his federal sentence. (Docket No. 1). Petitioner's claim necessarily encompasses the approximately 20 month period from August 29, 1996, according to Petitioner's calculation, or the Habeas Writ ad prosequendum date of September 4, 1998, until May 21, 1998, the date of his federal sentencing. Respondent asserts that Petitioner was given the proper amount of credit and that, pursuant to 18 U.S.C. §3585, he is not entitled to credit for the twenty months, as those months were credited towards Petitioner's Massachusetts state sentence, and therefore cannot also be credited towards his federal sentence. (Docket No. 6).

**1.**     **18 U.S.C. § 3585**

5

18 U.S.C. § 3585 provides that a defendant is entitled to a credit toward the term of imprisonment if the defendant, prior to the commencement of the sentence, has spent time in official detention as a result of: (1) the offense for which the sentence was imposed; or (2) any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, so long as it has not been credited towards another sentence. 18 U.S.C. § 3585(b); United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir.1998) (deciding that a district court lacks authority under § 3585(b) to credit a defendant's federal sentence for time that has already been credited towards a state sentence).

Time that has been credited to a state sentence may not also be credited towards a federal sentence because "18 U.S.C. § 3585(b) bars double-counting." Werber v. United States, 149 F.3d 172, 173 (2d Cir.1998); see also Tisdale v. Menifee, 166 F.Supp.2d 789, 792 (S.D.N.Y. 2001) (noting that "§ 3585(b) preclude[d] [petitioner] from receiving 'double credit' for . . . time on both his state and federal sentences").

On September 4, 1996, Petitioner was transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum*. When a prisoner is transferred for prosecution in federal court pursuant to this writ, the state still has primary jurisdiction over the prisoner. United States v. Smith, 812 F.Supp. 368, 370 (E.D.N.Y.1993) (holding that petitioner could not receive prior custody credit toward his federal sentence for time spent in federal custody because the time spent in detention was part of his state sentence). This rule is derived from the idea that the prisoner is on "loan" to the federal authorities. Id. at 372; see also United States v. Fermin, 252 F.3d 102, 108 n.10 (2d Cir.2001) ("a defendant held at a federal detention facility is not in custody' ... when he is produced through a writ of

6

habeas corpus ad prosequendum").

Therefore, Petitioner remained in the state of Massachusetts's custody and continued to serve only his state sentence even after the United States Marshals took him into custody. Petitioner was merely on "loan" to the federal authorities so his federal charges could be adjudicated. As a consequence, the approximately twenty month time period for which Petitioner claims he is owed credit, was credited towards his state sentence and Petitioner was, therefore, not creditable towards his federal sentence.

Thus, the twenty month period between "August 29, 1996 until May 21, 1998" for which Petitioner claims credit, was properly excluded and denied to him by the BOP. (Docket No. 1 at 5). The twenty month period was credited to his Massachusetts state parole violation sentence and, as a result, Petitioner is unable to receive additional credit towards his federal sentence because § 3583(b) precludes Petitioner from receiving "double credit" for time on both his federal and state sentences. United States v. Wilson, 503 U.S. 329, 337 (1992) (deciding that § 3585(b) restricts sentencing credits to time that has not been credited against another sentence to ensure that a defendant does not receive double credit). The Bureau of Prisons properly calculated Petitioner's sentence. As such, Petitioner's claim for habeas relief should be DENIED.[4]

## IV. CONCLUSION

For the reasons stated above, the Court recommends Darius Hines' petition for a

---

[4]It is also noted that the guideline imprisonment range for Petitioner's offenses (offense level 35 with a criminal history category of VI) was 292 to 365 months. The court sentenced Petitioner to a reduced sentence of 234 months and then further reduced that sentence to 214 months. See (Docket No. 1 at Exhibit C & D).

writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:     January 14, 2009

          Syracuse, New York

### V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report &**

**Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

January 14, 2009

*[signature]*

Victor E. Bianchini
United States Magistrate Judge